UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSE OF POWER ELECTRIC, LC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION 10-CV-4861 |
| | § | |
| SQUARE D COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court in this removal action is a motion to dismiss filed by defendant Square D Company, now known as Schneider Electric USA, Inc. ("Square D"). After review of the motion, the responses, and the applicable law, the court concludes that the defendant's motion to dismiss House of Power Electric, LC's ("House of Power") complaint is GRANTED.

**I. BACKGROUND**

House of Power brings a single claim for tortious interference with a contract against defendant Square D. Dkt. 1, Ex. A. Square D moves this court to dismiss plaintiff's claim against it under Federal Rule of Civil Procedure 13(a). Dkt. 2. In the alternative, Square D requests this court to dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 2.

Square D manufactures commercial and consumer electrical distribution products. Dkt. 1, Ex. B. House of Power is an electrical contractor. Dkt. 1, Ex. A. In December 2005, Square D and House of Power entered into a pricing agreement ("Pricing Agreement") under which Square D agreed to provide its electrical products to House of Power through its authorized distributor, Crawford Electric Supply Co., at highly competitive rates. Dkt. 1, Ex. B. In return, House of Power

agreed not to distribute Square D products to any unauthorized resellers or to resell Square D products at special rates to the public. Dkt. 1, Ex. B.

Square D also entered into agreements with major homebuilders whereby "homebuilders receive a rebate from Square D based on the number of houses built using Square D products." Dkt. 1, Ex. A. One such homebuilder is Meritage Homes which employed House of Power as an electrical contractor. Dkt. 1, Ex. A. In May 2008, Square D issued a statement to homebuilders with respect to its rebate program requiring that for a region to continue qualifying for a rebate, the region could only employ electrical contractors who install Square D products. Dkt. 1, Ex. A.

In December 2009, Square D filed a lawsuit against House of Power and its president Albert Chlouber in this court as Civil Action 09-cv-3917 for breach of contract and fraudulent misrepresentation. Dkt. 1, Ex. B. In its complaint, Square D alleged that the defendants intentionally misrepresented the volume of House of Power's sales when the parties entered into the Pricing Agreement, and that they resold Square D products in violation of the Pricing Agreement. Dkt. 1, Ex. B. Square D's lawsuit against House of Power is still pending.

In September 2010, House of Power filed this lawsuit against Square D in state court, alleging that "Square D willfully and intentionally interfered with [its Meritage] contract when it withdrew Crawford Electric's authorization to sell to House of Power." Dkt. 1, Ex. A. According to House of Power, Square D's termination of the Pricing Agreement resulted in its inability to obtain highly competitive rates for Square D products. Dkt. 1, Ex. A. And, because bidding is "very competitive" in the residential homebuilding industry, House of Power alleges that Square D left Meritage no choice but to terminate its relationship with House of Power. Dkt. 1, Ex. A. The case was thereafter removed to this court on the basis of diversity of citizenship. Dkt. 1.

In its motion, Square D asserts that House of Power's present claim for tortious interference is a compulsory counterclaim that House of Power failed to plead in Civil Action 09-cv-3917, and that the claim is thus barred by Federal Rule of Civil Procedure 13(a). In the alternative, Square D asserts that House of Power's lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. ANALYSIS

### A.   Standard of Review

A party is required to plead any counterclaim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a); *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th 1998). A counterclaim is compulsory when a "logical relationship" exists between the claim and the counterclaim. *Incas & Monterey Printing & Packaging, Ltd. v. M/V Sang Jin*, 747 F.2d 958, 964 (5th Cir. 1984). In assessing whether a logical relationship exists, the Fifth Circuit has developed a four factor test in which the court asks: "(1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim." *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir.1992). If the court answers any of the four questions in the affirmative, then the claim is compulsory. *Underwriters at Interest on Cover Note JHB92M10482079 v. Nautronix, Ltd.*, 79 F.3d 480, 483 n.2 (5th Cir. 1996). The focus of this approach centers on whether the claim and the counterclaim share an "aggregate of operative facts," drawing on a similarity of facts and legal

3

issues. *See* 3 MOORE'S FEDERAL PRACTICE § 13.10[1][b] (citing *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 303–04 (5th Cir.1993)).  Finally, if a claim is a compulsory counterclaim but was not pled, the party is barred from bringing a later action on that claim.  *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1, 94 S. Ct. 2504 (1974).

**B.     Analysis**

After review of the parties' motions and the applicable legal standards, the court finds that House of Power's claim against Square D is barred as a compulsory counterclaim under Rule 13(a)(1).  It is clear that when "the same contract serves as the basis for both the claims and the counterclaims, the logical relationship standard . . . has been satisfied."  *Linton v. Whitman*, No. 5:08-CV-00548-XR, 2009 WL 2060091, at *7 (W.D. Tex. July 9, 2009) (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1410 (3d ed. 1998)).  Even though House of Power argues in its response that its claim arises from the separate relationship between Meritage and House of Power, it is evident that the Pricing Agreement between House of Power and Square D serves as the starting point both for Square D's claims for breach of contract and fraud, and House of Power's later claim for tortious interference.  To illustrate, in its complaint against Square D, House of Power asserts, "Square D willfully and intentionally interfered with [House of Power's] contract [with Meritage] when it withdrew Crawford Electric's authorization to sell to House of Power. *The withdrawal of authorization* proximately caused House of Power to lose Meritage's work."  Dkt. 1, Ex. A.  (emphasis added).  Thus, for House of Power to prove its claim for tortious interference of contract, it would be required to prove that Square D wrongfully withdrew authorization under the Pricing Agreement and that the withdrawal of the authorization caused its damage.

4

Further, the terms of the Pricing Agreement and the performance of the parties are central to both actions, and require substantially the same evidence for proof of the claims made. The parties would likely call the same witnesses in each suit, and a verdict for Square D finding that it properly terminated the Pricing Agreement would preclude House of Power from bringing its claim for tortious interference. Thus, under the Fifth Circuit's four factor test, House of Power's claim against Square D in this case arises out of the same occurrence that is the subject matter of Square D's earlier claim, and is a compulsory counterclaim that is barred as a result of House of Power's failure to raise in the prior action.

## CONCLUSION

After consideration of defendant's motion under Federal Rule of Civil Procedure 13(a), the response and the applicable law, the court finds that the plaintiff's claim must be dismissed. Accordingly, Square D's motion to dismiss is GRANTED, and this case is DISMISSED WITH PREJUDICE.[1]

Signed at Houston, Texas on January 31, 2011.

_____
Gray H. Miller
United States District Judge

---

[1] The court need not, and does not, reach the Rule 12(b)(6) portion of Square D's motion.

5